**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL W. TOLOMEO and SERAFIN CHAVEZ, individually, and as representatives of a Class of Participants and Beneficiaries of the RR Donnelley Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> R.R. DONNELLEY & SONS, INC., et al. <br><br> Defendants. | Case No.: 1:20-cv-7158 <br><br> Honorable Mary M. Rowland |

**FINAL APPROVAL ORDER**

WHEREAS, on May 23, 2024, this Court conducted a Fairness Hearing to, among other things, (1) determine whether to finally certify the Settlement Class[1] pursuant to Fed. R. Civ. P. 23(b)(1); (2) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (3) determine whether the proposed Plan of Allocation for distributing the Settlement proceeds among Settlement Class Members should be approved by the Court; (4) consider the motion of Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Class Representative Service Awards; and (5) to hear and rule upon other matters as appropriate in regards to the parties' class action Settlement;

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Class Action Settlement Agreement and Release dated December 22, 2023 ("Settlement Agreement") entered between Plaintiffs and Defendants R. R. Donnelley & Sons Company ("R. R. Donnelley"), its Board of Directors, and its Plan's Benefits Committee.

1

WHEREAS, the Court was advised at the Final Approval Hearing that the Notice in the form approved by the Court was sent to the Settlement Class pursuant to the terms of the Settlement Agreement and was posted on the Settlement Website; and

WHEREAS, Defendants have notified the Court of their compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715;

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including all written submissions and the arguments of counsel for the Parties and counsel for any objectors;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order.

2. The Court has jurisdiction over the subject matter of this Action.

3. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Settlement Class in accordance with the Class previously certified by this Court on August 23, 2022, consisting of all participants and beneficiaries of the RR Donnelley Savings Plan from December 3, 2014 through December 31, 2023, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

4. The Court appoints Michael W. Tolomeo and Serafin Chavez as the Class Representatives for the Settlement Class.

5. The Court appoints the following firm as Class Counsel for the Settlement Class: Walcheske & Luzi, LLC.

6. The Court finds that Defendants have complied with the notice requirements of 28 U.S.C. § 1715.

7. The Notice was previously provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class Members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23 and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement and the right to object.

8. Based on the evidence submitted by the parties, the Court concludes that the Settlement is fair, reasonable and adequate. The Settlement is therefore approved, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

9. The Plan of Allocation is also hereby approved as fair, reasonable and adequate.

10. The Court finds that the members of the Settlement Class are in privity with the interests of the Plan, its participants and its beneficiaries, and all private parties authorized to sue under ERISA sections 502(a)(2) and (3), that such private parties are adequately represented by the Class Representatives, and all parties authorized to sue under ERISA sections 502(a)(2) and (3) are hereby bound by the Settlement and this Order.

11. The Action is hereby dismissed with prejudice in its entirety and without an award of costs, except as provided in the Settlement Agreement.

12. The Settlement Agreement is hereby approved in its entirety.

13. For purposes of this Paragraph 13 of this Order, the following definitions (which are identical to the definitions in the Settlement Agreement, as modified above) shall apply:

    a. "R.R. Donnelley Releasees" shall mean, collectively, the Defendant Released Parties (as defined below) and Other Released Parties (as defined below).

b. "Defendant Released Parties" shall mean R. R. Donnelley & Sons Company, its Board of Directors, the Plan's Benefits Committee, and all of their respective past and present predecessors, successors, members, employees, officers, directors, trustees, and affiliates (including any of the foregoing who have acted as a fiduciary or provided services to the Plan during the Class Period.

c. "Other Released Parties" shall mean Defendant Released Parties' insurers and all third parties that provided services to the Plan during the Class Period, including the Plan's recordkeepers (including but not limited to Empower and Fidelity), investment managers (including Rocaton Investment Advisors, LLC), investment advisors (including Rocaton Investment Advisors, LLC and Mercer Ltd.), trustees, auditors, and consultants (including Curcio Webb, LLC and HerronPalmer).

d. "Released Claims" shall mean any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, rights, obligations, damages, and liabilities (including claims for attorneys' fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort, equity, or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, equitable, and any other relief (collectively, "Claims") against the R. R. Donnelley Releasees (as defined in this Section I) through the date the Court enters the Final Approval Order and Judgment that were asserted in the Action, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, occurrences or the conduct alleged or asserted in the Action, whether or not pleaded in the Fourth Amended

Complaint; or that arise out of, relate to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's investments, investment options, or service providers, including without limitation, its administrative and/or recordkeeping service providers, its investment advisors, its managed accounts service providers, its auditor, its trustees, and the Company in its role as a service provider to the Plan; (2) the selection, nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (3) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or Plan participants; (4) the services provided to the Plan or the cost of those services; (5) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plan's investments, investment options, or service providers; (6) any amounts charged to participants for participant account maintenance fees and/or recordkeeping and administrative fees; (7) any use of the Plan's forfeiture account; and/or (8) any assertions with respect to any fiduciaries or service providers of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing.

As of the Effective Date, all Settlement Class Members and their successors and assignees are permanently enjoined, either directly, representatively, or in any other capacity, from prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of the R. R. Donnelley Releasees.

14. The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on the Plaintiffs, Settlement Class Members, and all of their successors and assigns, and the Settlement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the Released Claims.

15. In recognition of their work, the time and expenses incurred on behalf of the Settlement Class and the value of the results achieved on behalf of the Settlement Class, pursuant to the terms of the Settlement Agreement, each named Plaintiff shall be entitled to receive a Class Representative Service Award and Class Counsel shall be entitled to receive their Attorneys Fees' and Expenses in the amounts set forth by the Court in its separate order addressing the motion of Plaintiffs and Class Counsel for such awards from the Settlement Fund.

16. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Distributable Settlement Amount; and (b) the Parties and the Settlement Class Members for purposes of construing, enforcing and administering the Agreement.

SO ORDERED this __23rd__ day of __May_____, 2024

_____
United States District Judge